**COSTELLO & MAINS, LLC**
By: Deborah L. Mains, Esquire
Attorney I.D. No. 007571996
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARL MORRIS, | : |
| Plaintiff, | : CIVIL ACTION NO.: |
| vs. | : |
| EXTREME SERVICE, LLC; JAMES VITALE and JOHN DOES 1-5 AND 6-10, | : **COMPLAINT AND JURY DEMAND** |
| Defendants. | : |

Plaintiff, Carol Morris, residing in the State of New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This action is brought by Plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and New Jersey Wage Payment Law ("NJWPL").

**Jurisdiction and Venue**

Jurisdiction of the Court is invoked to pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

Because Plaintiff and Defendants are residents of the District of New Jersey, venue is proper within the District pursuant to 28 U.S.C. § 1391.

1

## Identification of Parties

1. Plaintiff Carl Morris resides at 103 Carann Drive, Toms River, New Jersey 08753, and at all relevant times herein, was employed by Defendants.

2. Defendant Extreme Service, LLC ("Extreme Service") is a New Jersey limited liability company located at 186 Mantoloking Road, Brick, New Jersey 08724, and is an employer within the meaning of the FLSA, NJWHL and NJWPL.

3. Upon information and belief, Extreme Service has gross annual revenue in excess of $500,000.00 per year.

4. Plaintiff, in the course of his employment with Extreme Service, routinely interacted with interstate comers.

5. Extreme Service is an enterprise within the meaning of the FLSA, NJWHL and NJWPL.

6. Defendant James Vitale is, upon information and belief, a resident of the State of New Jersey, an owner of Extreme Service and an individual who acts directly or indirectly in the interest of Extreme Service in relation to its employees, including Plaintiff. As such, Defendant Vitale is an employer within the meaning of the FLSA, NJWPL and NJWHL.

7. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

8. Plaintiff was employed by the Defendants from July of 2019 until December of 2019.

9. At the beginning of his employment, Plaintiff agreed to a pay rate of $100.00 per day.

10. Plaintiff was employed as a laborer.

11. Plaintiff's job duties did not fall within any exemption to the overtime requirements of the FLSA or NJWHL.

12. Plaintiff regularly worked more than 40 hours per week.

13. Defendant James Vitale initially paid Plaintiff cash.

14. Defendants failed to provide Plaintiff any statement of deductions made from his wages while he was paid cash.

15. Plaintiff regularly worked more than 40 hours per week.

16. Defendants failed to pay Plaintiff overtime compensation of one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours per week.

17. In addition, Defendants failed to pay Plaintiff minimum wage during some weeks of his employment.

18. In addition, Defendants failed to pay Plaintiff for all the hours and/or days that he worked.

19. Without records that are in the possession, custody and control of the Defendants, Plaintiff cannot plead with specificity the number of hours worked each week during the course of his employment.

20. Plaintiff complained to Defendants that he was not making enough money on several occasions.

21. Defendants placed Plaintiff on its payroll in August of 2019.

22. Beginning in November of 2019, Defendants began paying Plaintiff $120.00 per day.

23. Upon information and belief, Defendants avoided paying Plaintiff for overtime hours by entering Plaintiff's pay rate as $120.00 per hour and entering the amount of days that Plaintiff worked instead of his actual hours.

24. Defendants willfully refused to pay overtime to Plaintiff in an amount equal to one and one-half times the regular hourly rate for all hours worked in excess of 40 hours per week.

25. In addition to failing to pay overtime, Defendants failed to pay Plaintiff minimum wage for all of the hours that he worked.

26. In addition to the above, Defendants failed to pay Plaintiff for all of the days that he worked.

27. Defendants actions mandate the imposition of liquidated damages.

## COUNT I

## FLSA Violation

28. Plaintiff hereby repeats and re-alleges paragraphs 1 through 27, as though fully set forth herein.

29. Plaintiff regularly worked more than 40 hours in a work week during the course of his employment.

30. Defendants failed to pay Plaintiff overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of 40 in a work week.

31. Additionally, Defendants failed to pay Plaintiff minimum wage for all of the hours that he worked.

32. Defendants have violated 29 U.S.C. § 207 by the above acts.

33. Plaintiff has suffered monetary damages as a result of Defendants' acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. §. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. §. 217;

(d) directing Defendants to make Plaintiff whole for all unpaid overtime and minimum wages due as a consequence of Defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. §. 216(b);

(f) awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. §. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

34. Plaintiff hereby repeats and re-alleges paragraphs 1 through 33, as though fully set forth herein.

5

35. Plaintiff regularly worked more than 40 hours in a work week during the course of his employment.

36. Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of 40 hours in a work week.

37. Defendants failed to pay Plaintiff the minimum wage for all hours worked in a work week.

38. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

39. Plaintiff has suffered monetary damages as a result of Defendants' acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing Defendants to make Plaintiff whole for all unpaid overtime wages and minimum wages due as a consequence of Defendant's violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) directing Defendant to pay Plaintiff liquidated damages as provided in the NJWHL;

(d) awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. §. 216(b); and

(e) granting such other and further relief as this Court deems necessary and proper.

## COUNT III

### New Jersey Wage Payment Law

40. Plaintiff hereby repeats and re-alleges paragraphs 1 through 39, as though fully set forth herein.

41. Defendants failed to pay Plaintiff for all hours worked by him during his employment, some of which includes overtime compensation.

42. Defendants, by the above acts, have violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

43. Plaintiff has suffered monetary damages as a result of Defendant's acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWPL;

(b) directing Defendants to make Plaintiff whole for all unpaid wages due as a consequence of Defendant's violation of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid and liquidated damages;

(c) directing Defendants to pay liquidated damages as provided in the NJWPL;

(d) awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

(e) granting such other and further relief as this Court deems necessary and proper.

**COSTELLO & MAINS, LLC**

By:   /s/ Deborah L. Mains
      **Deborah L. Mains**

Dated: 5/15/20

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By:   /s/ Deborah L. Mains
      Deborah L. Mains

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By:   /s/ Deborah L. Mains
      Deborah L. Mains

## **RULE 4:5-1 CERTIFICATION**

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

         **COSTELLO & MAINS, LLC**

         By:   /s/ Deborah L. Mains
            **Deborah L. Mains**

## **DESIGNATION OF TRIAL COUNSEL**

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

         **COSTELLO & MAINS, LLC**

         By:   **/s/ Deborah L. Mains**
            **Deborah L. Mains**